GALO GOURDIN and SHERRY A. GOURDIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gourdin v. Commissioner
Docket No. 30463-83.
United States Tax Court
T.C. Memo 1986-250; 1986 Tax Ct. Memo LEXIS 354; 51 T.C.M. (CCH) 1242; T.C.M. (RIA) 86250; June 19, 1986. Galo Gourdin, pro se. James S. Daubney, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency in petitioners' 1981 Federal income tax of $5,397. After concessions by the parties, the sole issue for decision is whether petitioner is entitled to deduct expenses in the amount of $7,699 as employee business expenses under section 162(a)(2). [1]
*355 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners Galo and Sherry A. Gourdin [2] resided in Mission Viejo, California, when the petition herein was filed. They timely filed a joint income tax return for 1981. From January 1 through January 28, 1981, petitioner was employed as a sales manager for Bartell Marine Electronics in Newport Beach, California. He commuted to his job from his home in Mission Viejo, California. On January 28, 1981, petitioner left his employment with Bartell Marine Electronics in order to accept a new position as sales manager of Campbell Management Corporation in San Diego, California. Campbell Management Corporation was a going concern in 1981. At the time petitioner accepted his employment, the company was new to the marine electronics field and petitioner was unsure about the duration of his employment. While petitioner did not expect that he would be employed by Campbell Management Corporation's marine electronics division *356 for a long period of time, he hoped that he could move into another division within the Campbell Management Corporation or into a better job with another company if Campbell's marine electronics division proved unsuccessful. In November 1981, petitioner learned that his employment with Campbell Management Corporation would be terminated. Petitioner's employment was in fact terminated on December 30, 1981, due to a restructuring of the management of the Campbell Management Corporation. During the period from January 29 through March 6, 1981, petitioner commuted to San Diego from his home in Mission Viejo, California, which was a distance of 82 miles each way. From March 7 through May 31, 1981, petitioner spent weekends in Mission Viejo and stayed in motels in San Diego during the week. From June 1 through December 31, 1981, petitioner rented an apartment in San Diego and returned to Mission Viejo on weekends. On his Federal income tax return for 1981, petitioner deducted automobile expenses both for the period during which he commuted to San Diego from Mission Viejo during the week and for his trips to Mission Viejo on weekends, motel lodging expenses, apartment expenses, restaurant *357 and grocery expenses incurred in San Diego, and dry cleaning expenses. In his notice of deficiency, respondent disallowed these deductions. OPINION In general, no deduction is allowed for personal living expenses. Sec. 262. However, a taxpayer may be entitled to deduct certain traveling expenses that are (1) ordinary and necessary, (2) incurred while "away from home," and (3) incurred in the pursuit of a trade or business. ; Sec. 162(a)(2). The issue in the instant case is whether petitioner as "away from home" while working in San Diego during 1981 within the meaning of section 162(a)(2). A taxpayer's "home" is his principal place of business. . If the taxpayer's employment is temporary, however, he is entitled to deduct expenses for meals and lodging under section 162(a)(2). In this context, temporary employment is "the sort of employment in which termination within a short period could be foreseen." . If the termination of the taxpayer's employment cannot be foreseen, however, *358 within a fixed or short period of time, the taxpayer's employment is considered to be indefinite and his expenses are not deductible. , affd. . The difference between temporary and indefinite employment was considered by the Court of Appeals for the Ninth Circuit in , revg. . That Court based its holding on whether there was a reasonable probability, known to the employee, that he may be employed for a long period of time at the new place of employment. . Thus, in order for petitioner to prevail in the instant case, he must show that he expected his employment in San Diego to be temporary rather than indefinite. [3] For later decisions by the Ninth Circuit see ; ; ; and . *359 When petitioner accepted his position as sales manager with Campbell Management Corporation, he was uncertain about the potential duration of his employment. He hoped, however, that Campbell Management Corporation would be successful in the marine electronics filed or that he would be able to accept another position within the company. He did not become aware that his position would be terminated until November 1981, ten months after he accepted employment. At the time he began his employment with Campbell, petitioner could not foressee that his employment would terminate within a short period of time. Therefore, we hold on these facts that petitioner's employment with Campbell Management Corporation was indefinite rather than temporary and that he is not entitled to deduct his travel and living expenses under section 162(a)(2). Based on concessions of the parties and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue, and all Rule references are to the Tax Court Rules of Practice and Rpocedure.↩
2. The term petitioner as used herein refers only to petitioner Galo Gourdin.↩
3. An appeal of the instant case will lie in the Ninth Circuit. , affd. .↩